In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by DAVID SCHEIN, Claimant.

FRIEDA S. MILLER, as Industrial Commissioner, Appellant; FAIR WATER TRANSPORTATION CO., INC., Employer, Respondent.

Third Department, November 12, 1941.

*John J. Bennett, Jr., Attorney-General, Henry Epstein, Solicitor General [W. Gerard Ryan and Francis R. Curran, Assistant Attorneys-General, of counsel], for the appellant.*

HILL, P. J. The Industrial Commissioner appeals from a decision made by the Appeal Board that the employment in which claimant was engaged was not covered by the New York State Unemployment Insurance Law. The employer in 1939 operated a fleet of seven speed boats between the pier at the foot of Forty-ninth street, East river, New York city, up the East river to Hellgate and through Flushing bay to a pier in the World Fair marine basin. Each boat was manned by a captain and one attendant or sailor. Claimant was an attendant and unquestionably a member of the crew of the boat upon which he worked.

The judicial power of the United States extends to all cases in admiralty and maritime jurisdiction. This employer and the claimant were engaged in a maritime venture, as the waters traversed by these boats are navigable waters of the United States. (*Southern Pacific Co.* v. *Jensen,* 244 U. S. 205.) The State is empowered

to legislate concerning all maritime employment which is of local concern only and " from its nature belongs to the class with which the State appropriately deals in making reasonable provision for local needs." (*Minnesota Rate Cases*, 230 U. S. 352, 402.) Thus, if the Federal authorities have not acted, the State of New York may levy this payroll tax, which is an excise upon the privilege of employing labor in the State. (*Steward Machine Co.* v. *Davis*, 301 U. S. 548.) However, the Federal power is exclusive concerning maritime matters when exercised.

The Appeal Board has determined that Congress has acted concerning the subject of unemployment insurance in connection with enterprises of the character here involved. I quote from their decision: " We believe that with respect to unemployment insurance, the United States has occupied the maritime field at least in part by enacting the following exemption contained formerly in Section 903 [907] of the Social Security Act and now Section 1603 [1607] (c) (4) of Sub-chapter C [of chapter 9] of the Internal Revenue Code [U. S. Code, tit. 26], which reads as follows: ' service performed as officer or member of a [the] crew of a vessel on the navigable waters of the United States.' We believe by this exemption Congress has ousted the several States of jurisdiction to legislate at least with respect to the group so expressly excepted by it."

The appellant argues that the exemption of this class of employees from the benefits of the Federal act does not operate to exclude them under the State act. The relation between the Federal unemployment tax statute and a State unemployment statute is discussed in *Buckstaff Co.* v. *McKinley* (308 U. S. 358). These acts are described as the result of an " attempt to find a method by which the States and the Federal government could ' work together to a common end.' * * * The Act was designed therefore to operate in a dual fashion — State laws were to be integrated with the Federal Act; payments under State laws could be credited against liabilities under the other. That it was designed so as to bring the States into the cooperative venture is clear." In the same opinion it is stated that the inclusion of a class of employers in the groups which may be taxed under the Federal Unemployment Act evinces a congressional intent that those classes be included among those taxed under the State act. The opinion continues (p. 364): " That conclusion is strengthened by the exemption of certain classes of employers from the sweep of the Federal Act. Thus, the exclusion of Federal instrumentalities from the scope of the Federal Act, and hence from the complementary State systems, emphasizes the purpose

to exclude from this statutory system only that well defined and well known class of employers who have long enjoyed immunity from State taxation."

The Federal authorities having excluded claimant's employment from the benefits of the Federal act, it is likewise excluded under the dual State act. The Congress having exercised its unquestioned exclusive powers concerning this type of maritime employment, a payroll tax thereon may not be levied under the New York State statute.

The decision of the Appeal Board should be affirmed, with costs against the Industrial Commissioner.

CRAPSER, BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Decision of the Appeal Board affirmed, with costs against the State Industrial Commissioner.