In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by JAMEL SHEREDOS, Claimant. LAKE TANKERS CORPORATION, Respondent; FRIEDA S. MILLER, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board of the Department of Labor, dated July 19, 1940, affirming the decision of an Unemployment Insurance Referee, dated March 13, 1940, holding that the claimant Jamel Sheredos did not work in covered employment and is not entitled to be credited with his earnings in such employment. Claimant was employed from June 22, 1937, to September 15, 1938, as a cook aboard a vessel propelled by steam commissioned to carry petroleum products between Constable Hook, Bayonne and Rutherford, N. J. The number of the crew including the master and claimant was ten. The vessel was documented by the United States government. During 1937 the vessel was tied up in Brooklyn for 100 days out of claimant's 194 working days and in 1938 for 159 days out of 258 working days. Claimant's duty was to prepare the food for the complement of the vessel. He was privileged to sleep aboard the vessel but generally went home to sleep. He con-

tended before the Unemployment Insurance Appeal Board that he was not a member of the crew of a vessel operating on the navigable waters of the United States, but the Board found otherwise. The Board was of the opinion that Congress in enacting in the Social Security Act (U. S. Code, tit. 26, § 1607, ¶ c, subd. 4) the exemption for officers and members of the crews of vessels on the navigable waters of the United States, asserted its exclusive jurisdiction over that group and that the States were divested of jurisdiction to legislate with reference to such group. It held that the claimant was a member of the crew of the vessel and that he was not covered by the New York Unemployment Insurance Law. The appealing Industrial Commissioner asserts that the sole issue presented on this appeal is whether the New York State Unemployment Insurance Law contravenes section 2 of article 3 of the United States Constitution which provides that the Federal judicial power shall extend to all cases of admiralty and maritime jurisdiction. The appellant contends that the taxing provisions of the New York statute constitute a non-discriminatory excise tax based upon the exercise of the privilege of employing individuals which was reserved to the States by the Federal Constitution and that the State statute does not in any way violate the Federal act or Constitution. Decision of the Appeal Board unanimously affirmed, with costs against the Industrial Commissioner, on the authority of *Matter of Schein* [262 App. Div. 573], decided herewith. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.